Burrows, J.
■ The defendant in error is a corporation organized as a mutual insurance association under sections 3686 and 3687, Revised Statutes, and the plaintiffs in error are members of the corporation.
■ Upon petition of a majority of the directors for a dissolution of the corporation such proceedings were had that a judgment of dissolution was entered by the court, and a receiver appointed as provided by section 5656, Revised Statutes.
The receiver, having accepted the appointment and given bond as required by law, entered upon the discharge of his duties, and thereafter, in accordance with the requirements of the statute,filed in court his final report containing a full and complete account of all his proceedings. This report contained a full and detailed statement of the affairs of the corporation, including a full list of its creditors and the amount due to each, and a schedule of all assets. It appeared from the report that the indebtedness exceeded the assets by fifteen thousand dollars or more.
The report also contained a schedule showing by monthly periods when the indebtedness was incurred and the rate of assessment necessary to be levied for each month upon members of the corporation holding policies during the time that such indebtedness was incurred, in order to pay said indebtedness, costs and expenses.
The larger part of the indebtedness allowed and reported by the receiver consisted of claims presented by the directors on account of the personal liabilities they had assumed for the corporation by giving their promissory notes to certain banks for loans made from time to time to pay losses and expenses in the conduct of the business.
Upon the filing of this report the plaintiffs in error filed *474 exceptions to the same alleging the invalidity of the claims of the directors so allowed, and demanded a hearing upon such exceptions, and also asked to have the report referred to a referee. The court refused to refer the report, and also refused to hear the exceptions except upon condition that the plaintiffs in error would give bond, in due form, in the sum of five thousand dollars that they would pay, in case said exceptions were not finally sustained, all costs of such hearing and the interest on the indebtedness of the corporation during the time the final decree was delayed. Plaintiffs in error declining to give said bond, the court ordered such exceptions stricken from the files in the case; and refused to consider the same, because of the refusal of plaintiffs in error to give said bond; and thereupon confirmed said report of the receiver, and decreed the same to be final and conclusive.
To all these rulings and the decree of the court plaintiffs in error excepted.
The correctness of these rulings is the only question raised on this record. We have not examined the merits of the contention made by the exceptions to the report of the receiver further than to determine, in our opinion, that they were not frivolous or immaterial. It is contended in argument that the court below had the right to strike said exceptions from the files for the reason that it was not shown or alleged that the exceptors were solvent; and that where, as in this case, the debts of the corporation are to be collected from the solvent members alone, the insolvent policy holders had no interest in the controversy. We need not stop to inquire whether this position would be tenable where the insolvency of the exceptors affirmatively appears, or where it appears that the decree will exempt them from assessments levied to pay the debts. But we are well satisfied that there is no presumption of law or fact that these policy holders are insolvent. They had property insured, and gave their promises to pay assessments, and are presumed to be capable of performing their contracts. Besides, this question was not raised in the court below, and did not enter into the rulings of the court which are now under discussion.
The action of the court is assailed and defended by coun *475 sel upon either side by an appeal to the statute regulating the conduct of proceedings in such cases. No authorities-have been cited other than the statute, and its construction must determine the questions we are called upon to decide, fl I will read the sections of the Revised Statutes which are ■ supposed to bear directly upon this question.
“Section 5670. When required by the court the receiver shall render a full and accurate account of all his proceedings to the court, on oath, which may be referred to a referee or master commissioner to examine and report thereon; but before he renders any such account he shall-insert a notice of his intention to present the same, once a week, for three consecutive weeks, in some newspaper prints ed' and of general circulation in the county where the principal place of business of the corporation is situate, specifying the time and place at which such account will be rendered.”
“Section 5671. The referee to whom such account is-referred shall hear and examine the proofs, vouchers, and documents offered for or against the same, and shall report thereon fully to the court; and when the report is made, the court shall hear the allegations of all concerned therein, and shall allow or disallow the account, and may decree the same to be final and conclusive upon all creditors of the corporation, upon all persons who have claims against it,, upon any open or subsisting engagement, and upon all the stockholders of the corporation.”
It is insisted by counsel for plaintiffs in error that they are entitled to file exceptions to the report of the receiver,, and have the same heard by the court, and that such right is secured to them by the plain letter of the statute; while counsel for defendant in error contend Ihat whatever provision is made by these sections for exceptions to the report of the receiver and the hearing of the same, only an exercise of discretion is required on the part of the court; that as to-the questions raised by these exceptions the exceptors were foreclosed by the report of the receiver’; and that, the decree of the court would still leave the question of the liability of the exceptors open for contest when an attempt should be made to collect the assessments.
Upon a careful reading of these sections, and the entire- *476 chapter relating to the dissolution of corporations, we are inclined to the view contended for by plaintiffs in error as ■to their right to have a hearing. Whether they had a right to have the report referred to a referee may be doubtful. They contend that the power given to the court to refer, by the use of the word “may” gave him no discretion, because the exercise of such power was necessary to secure the just rights of those interested. But when we consider the subject matter of the statute it is not apparent that the rights of the parties were jeopardized by a refusal to refer the report of the receiver. Where such report is of a character requiring any serious examination and is not objected to, it would be a vain thing to refer it; and where objections are made, then the propriety or necessity of its reference would depend upon the character of the report and the objections to it, In this case the proper disposition of the exceptions might depend perhaps, mainly upon undisputed facts and the law applicable to the same. We are, however, unable to agree with counsel for the defendant in error that the court was not authorized to hear the ■exceptions unless the report had first been referred to a referee It is true that the statute provides that the court “shall hear the allegations of all concerned when the report of the referee is made;” but this only has reference to the time of the hearing of the exceptions where a reference has been ordered. In such case the court defers the hearing before him until the report of the referee is filed. But whether the report of the receiver is referred or not, it is made the duty of the court to hear the allegations of all ■concerned and allow or disallow the account of the receiver, The referee renders no “account”,and the “full and correct account” to be heard by the court is the “account” of the ■receiver, which is referred to a referee and is finally to be allowed or disallowed by the court. So that, it is not within the discretion of the court, when proper exceptions by proper parties are filed to the report of the receiver, to refuse to hear the report and thereby deprive the exceptors of their right to a hearing upon the question whether the ■court ought to allow or disallow the account of the receiver.
If we look to the language and plain intent of sections 5670 and 5671, the court could not deprive the plaintiffs in *477 •error of a hearing if they were proper parties to make the exceptions. Thó plaintiffs in error were members of the corporation, its policy holders, and directly interested and concerned in the account rendered by the receiver" and in the disallowance of the claims to which they excepted, for they were bound to contribute to the payment of these claims. We, therefore, conclude that the court erred in his rulings in the premises.
We are strengthened in our convictions of the correctness ■of our conclusions by the able arguments of counsel for the defendant in error by which they demonstrate to our entire satisfaction that no other redress was afforded by law to these policy, holders. They concede to plaintiffs in error the right to have their day in court, and to have the questions raised by them judicially determined, befóte payment can be enforced from them. But they say that an opportunity for a hearing.was afforded them before the receiver; that they could contest these questions in an action brought against them to collect assessments; and that the conditions imposed by the court upon which a hearing might be had were in strict conformity to law. They also say that these exceptors and their interests were fully represented by the directors of the corporation, It can hardly be contended with any show of reason that in this ex parte proceeding, where the directors were the sole parties and where the claims in contest interested the directors individually, and where the interest of the policy holders was directly adverse to that of the directors, that the directors represented the interests of the policy holders.
Again, it is contended that the policy holders had the right to appear before the receiver and there have this contention between themselves and the directors judicially determined, That it was their duty if they cared to have a hearing, to go before the receiver and present their evidence. That if they were dissatisfied with the decision of the receiver they could have the same reviewed upon a bill of exceptions containing all the evidence after a motion' for a new trial before him had been denied; and that, having neglected to obtain a hearing and decision of this controversy before the proper .tribunal they cannot now complain.
In support of this position reference is made to section *478 5668, which provides that “the receiver shall call a general meeting of the creditors of the corporation, within four months from the time of his appointment, at which all accounts for and against the corporation, and all its open and subsisting, contracts, shall be ascertained and adjusted, as fully as may be, and the amount of money in the hands of the receiver declared; and he may settle all controversies that arise between him and the debtors or creditors of the corporation by arbitrament or reference'” Neither this section nor any of the preceding sections conferring power upon the receiver contain any intimation that he is clothed with judicial powers; on the contrary, he is only authorized to ascertain and adjust demands for and against the corporation as fully as may be, apparently by amicable settlements, while acting in the capacity of receiver. If any controversy between the corporation and its debtors arises, he must proceed as provided in section 5659 before the proper tribunal. Or, if assets are detained from him, he may bring the proper action in the proper court to recover the same, as provided in section 5662, The controversies that may arise between him as an individual and the debtors or creditors of the corporation may by agreement be settled by arbitrament or reference. And when all the power and authority conferred by law upon trustees to whom assignments are made for the benefit of creditors are added to his other powers, we are unable to find that he had any judicial authority to hear and decide this controversy. He could allow the claims and report his allowance to the court subject to examination and confirmation or disallowance by the court, The plaintiffs in error were not creditors of the corporation. When a general meeting was called under section 5663, they were not notified’of such meeting or invited to attend it; nor was any notice of his proceedings in the allowance or disallowance of claims given, or required to be given, to the corporation or its policy holders until the report of the receiver was filed in court in pursuance of section 5670. By this latter section notice of the filing of such report was required to be given by publication, and then for the first time had these policy holders the fight to know what action the receiver bad taken in the allowance or disallowance of claims. The decision of the court below, *479 however, was not based upon this contention, but was based upon section 6353, Revised Statutes, where provision is made for the disallowance of claims by the probate court upon the written requisition therefor by the assignor or any creditor.
Assuming, without deciding, that section 6353 is by section 5658 and 5662 made applicable to proceedings for the dissolution of a corporation, the action of the court below was not justified. By section 6353 only an assignor or creditor can file such written requisition for a disallowance of claims, and these policy holders were neither. In the next place, by this section the probate courtis only authorized to require a bond “to pay all the costs and expenses of contesting such claim or claims.” Again, by section 5662 “all the provisions of law in respect to trustees or insolvent debtors * * * shall be applicable to such receiver, and to the property of the corporation, except as otherwise provided herein,” that is to say, in the chapter providing for dissolution of corporations. Now we find it provided in section 5671 that all parties concerned in the report may make allegations against it; which provision is inconsistent with the provisions of section 6353, where only an assignor or creditor may file a written requisition for the disallowance of a claim. By section 6353 the probate court upon entering an order disallowing a claim" leaves the party to prosecute a suit for its allowance, while by section 5671 the court upon the allowance or disallowance of the account enters its final decree.
As to the contention that the plaintiffs in error can assert the objections here raised in defense of a suit brought to collect assessments, it is only necessary to read section 5671 and apply it to the facts of this case to demonstrate its fallacy. It is therein provided that the court “shall allow or disallow the account, and may decree the same to be final and conclusive upon all of the creditors of the corporation, upon all persons who have claims against it, upon any open or subsisting engagement, and upon all of' the stockholders of the corporation.” When the account of the receiver was adjudged by the court to be in all respects correct, and a decree was entered confirming it, what possible questions were left open for determination in another *480 action ? All parties interested in making allegations against the report had notice by publication of the time and place, when and where objections to it were to be made. The plaintiffs in error appeared and made their objections to it; and thereafter such rulings and decree of the court could not be questioned in any collateral action. Nothing remained undetermined except for what amount and during what periods they held policies in this mutual association.
IS. J. Finney, (Cleveland,) and H. H. Bosiwick, for Plaintiff in Error.
T. IS. Hoyi, and A. T. Brewer, (Cleveland,) for Defendant in Error.
The judgment of the court of common pleas is reversed 4or refusing to hear the exceptions filed by the plaintiffs in error and for striking the same from the files.